IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

NOAH SHERMAN SCHRODER,

        Petitioner,

    v.

MARION FEATHER,

        Respondent.

Case No. 3:15-cv-00134-ST

FINDINGS AND RECOMMENDATION

    Noah Sherman Schroder
    #314855-023
    FCI-Sheridan
    PO Box 5000
    Sheridan, Oregon 97378

        Attorney for Petitioner

    Natalie K. Wight, Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR 97204-2902

        Attorney for Respondent

STEWART, Magistrate Judge:

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the validity of a prison disciplinary decision by the Bureau of Prisons ("BOP") that deprived him of 68 days of Good Conduct Time ("GCT") and removed him from his Residential Reentry Center ("RRC"). For the reasons that

1 - FINDINGS AND RECOMMENDATION

follow, the Petition for Writ of Habeas Corpus (docket #1) should be denied.

## BACKGROUND

On July 16, 2013, petitioner was convicted in the District of Idaho of possession of a controlled substance analogue with intent to distribute and importation of a controlled substance. As a result of these convictions, the District Court sentenced him to 33 months in prison.

On August 27, 2014, the BOP transferred petitioner to a RRC in Lane County. On November 27, 2014 (Thanksgiving Day), petitioner and other RRC residents left the RRC on a pass for dinner. When petitioner returned, staff members detected the odor of alcohol and another returning member admitted consuming alcohol:

> At about 2005 hours Schroder and another inmate returned from a Thanksgiving activity pass. The other inmate tested positive for alcohol (breathalyzer) and stated he drank "5 beers and 3 shots." The other inmate was a State inmate and rehoused to the jail for being intoxicated. Because Schroder was out with and supposed to be at the same destination as the intoxicated inmate – I called Schroder to the lobby for an alcohol test.
>
> At about 2045 hours Schroder came to the lobby and I contacted him there. I told Schroder I wanted him to take an alcohol test. Schroder appeared angry, rocked his weight from side to side, and moved his arms around. I told Schroder to keep his arms down because he was making me nervous. I

2 – FINDINGS AND RECOMMENDATION

> could detect an odor of alcoholic beverage coming from Schroder.
>
> Schroder told me he was not going to take the test. I contacted jail staff to respond to the RRC and rehouse Schroder to the jail. The assisting jail staff also confirmed an odor of alcoholic beverage coming from Schroder when he was lodged at the Lane County Jail.

Declaration of Christopher Cruz ("Cruz Decl."), Att. 3, p. 1.

On November 28, 2014, the BOP issued an initial incident report charging petitioner with use of alcohol and refusing to breathe into a breathalyzer. *Id*, Att. 2. On December 4, 2014, the BOP issued a superseding incident report which deleted the use of alcohol charge. *Id*, Att. 3.

On December 10, 2014, petitioner personally appeared in front of the Center Discipline Committee ("CDC") and admitted that he failed to take the breathalyzer test when requested to do so. *Id*, Att. 4. He claimed, however, that after he was lodged into the Lane County Jail, he offered to take the breathalyzer test, but law enforcement officials refused. *Id*, p. 3.

The CDC found that where petitioner admitted his refusal to take the breathalyzer test when requested, and where the video evidence supported that admission, he was guilty of the charged violation. It recommended that petitioner lose GCT in an amount to be determined by the Disciplinary Hearing Officer ("DHO").

3 – FINDINGS AND RECOMMENDATION

*Id*, p. 2. The DHO confirmed the CDC's findings and sanctioned petitioner to a loss of 41 days of GCT, forfeiture of 27 days of unvested GCT, and removal from the RRC. *Id*, Att. 4. Petitioner was subsequently transferred to FCI-Sheridan.

On January 26, 2015, petitioner filed his Petition for Writ of Habeas Corpus alleging five grounds for relief:

1. The BOP did not provide petitioner with a copy of his incident report within 24 hours of his offense and did not afford him the chance to appear in person, by telephone, or by video for his DHO hearing in violation of his procedural due process rights;

2. Petitioner's substantive due process rights were violated when he was convicted for refusing to take the breathalyzer test when he later agreed to take it at the Lane County Jail but law enforcement personnel refused to administer it;

3. Petitioner's violation warranted only a loss of 41 days of GCT, and the additional forfeiture of 27 unvested GCT constitutes an illegal sanction;

4. Petitioner's inability to appear at his DHO hearing in person, by video or by telephone violates his right to equal protection where similarly situated inmates are allowed to make such appearances; and

5. The BOP violated petitioner's right to equal protection where the DHO sanctioned petitioner more severely than other similarly situated inmates.

4 – FINDINGS AND RECOMMENDATION

Respondent asks the court to deny relief on the Petition because: (1) petitioner failed to exhaust his administrative remedies; and (2) petitioner's claims lack merit.[1] Because petitioner's claims lack merit, the court need not resolve whether dismissal is appropriate based on petitioner's failure to fully exhaust his administrative remedies.

## FINDINGS

**I.  Procedural Due Process**

Petitioner claims that although he made a personal appearance during his CDC hearing, his inability to appear in person or by video or telephone at his DHO hearing violates his procedural due process rights. An inmate subject to a prison disciplinary hearing is entitled to certain procedural protections: (1) written notice of the charges against him; (2) receipt of that notice at least 24 hours before the hearing; (3) written statement by a factfinder as to the evidence relied upon and the reasons for disciplinary action; and (4) an opportunity to call witnesses and present documentary evidence in his defense when allowing him to do so "will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

---

[1] Petitioner did not file a memorandum in support of his Petition in this case as required by the Expedited Scheduling Order (docket #4).

According to 28 C.F.R. § 541.8(e), inmates are permitted to appear for their hearings with a DHO so long as institutional security is not jeopardized. The record in this case is clear that petitioner was not afforded that opportunity. He was, however, allowed to make a personal appearance in front of the CDC which made the relevant findings in his disciplinary case. The DHO merely confirmed those findings and imposed a sanction.

Petitioner provides no authority for the proposition that due process is implicated where the BOP allows him to personally appear in front of the CDC, but does not allow him make a second appearance with the DHO. This court agrees with the Opinion issued by Judge Malcolm F. Marsh in *Stevens v. Thomas*, Case No. 11-cv-790-MO, 2011 WL 3563131, at *4 (Aug. 10, 2011), that due process does not require an appearance during a DHO hearing where an inmate has already made an appearance at a CDC hearing on the same charges. Therefore, the procedural due process claim should be denied.

## II. **Substantive Due Process**

In *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), the Supreme Court held that due process during a prison disciplinary hearing requires "some evidence" to support the findings made during such a hearing. The same "some evidence" standard applies to parole hearings, *McQuillon v. Duncan*, 306 F.3d 904 (9th Cir. 2002), and is met where "there is any evidence in the

6 - FINDINGS AND RECOMMENDATION

record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. A petitioner can prevail if the record in his case is "so devoid of evidence that the findings of the . . . board were without support or otherwise arbitrary." *Id* at 457.

Petitioner challenges the validity of the finding that he refused to take a breathalyzer test. He asserts that after he was booked into the Lane County Jail, he informed law enforcement personnel that he had changed his mind and would take the test, but they refused to administer it. Petitioner admitted during his CDC hearing that he had refused to take the breathalyzer test when requested at his RRC, and the video of the incident supported that admission. Cruz Decl., Att. 3. Although petitioner later reconsidered his decision and offered to take a breathalyzer test on his own timeline, there was ample evidence of his initial refusal so as to meet the "some evidence" standard and satisfy due process.

Petitioner also claims that the DHO's sanction was illegal because his offense warranted only a 41-day sanction under the BOP's Inmate Discipline Program. A review of that Program reveals that for inmates who refuse to take a breathalyzer test, the 41-day sanction is the *minimum* GCT forfeiture, and that the DHO was within his authority in also ordering the forfeiture of petitioner's unvested GCT. Cruz Decl., Att. 5, pp. 2-3.

7 - FINDINGS AND RECOMMENDATION

Because petitioner's sanction did not exceed the DHO's authority, this due process claim should be denied.

### III. Equal Protection

Petitioner raises two equal protection claims which Respondent has not addressed. He alleges that similarly situated inmates: (1) have been afforded the opportunity to personally address the DHO; and (2) have not been sanctioned as severely as the DHO sanctioned him.

The Equal Protection Clause protects similarly situated persons from unequal treatment. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1979). A petitioner can establish an equal protection violation if he shows either: (1) purposeful discrimination against him based upon his membership in a protected class; or (2) that he was treated differently than similarly situated individuals where there was no rational basis to do so. *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Petitioner has not alleged that he is a member of a protected class. While he makes conclusory allegations that the BOP permitted other similarly situated, but unidentified, inmates to address their DHOs and did not sanction them as harshly, he does not identify any particular instance, let alone pattern of instances, when this occurred. Because plaintiff's

8 – FINDINGS AND RECOMMENDATION

conclusory allegations are insufficient to establish a violation of the Equal Protection Clause, these claims should be denied.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #1) should be DENIED and a judgment should be entered dismissing this case with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due May 8, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 21st day of April, 2015.

                                s/ Janice M. Stewart_____
                                Janice M. Stewart
                                United States Magistrate Judge